UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM L. EDWARDS,

                Plaintiff,

    -against-

DEP. JONES, et al.,

                Defendants.

1:21-CV-5477 (LTS)

ORDER TO SHOW CAUSE UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently held in the Otis Bantum Correctional Center on Rikers Island, filed this action *pro se* and seeks *in forma pauperis* ("IFP") status.[1] The Court directs Plaintiff to show cause by declaration why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

    The Prison Litigation Reform Act ("PLRA") added the following three-strikes provision to the IFP statute:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If a prisoner's action is dismissed for a "strike" reason, and the prisoner's subsequent appeal of that dismissal is also dismissed for a "strike" reason, those dismissals count as two "strikes" under Section 1915(g). *See Chavis v. Chappius*, 618 F.3d 162, 167-69 (2d Cir. 2010). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is

---

[1] Plaintiff filed his complaint while he was held in the Vernon C. Bain Center ("VCBC") in the Bronx, New York.

therefore barred under Section 1915(g) from filing any federal civil action IFP while he is a prisoner. *See Edwards v. Edwards*, No. 13-CV-5016 (E.D.N.Y. Sept. 16, 2013) (dismissed for failure to state a claim on which relief may be granted); *Edwards v. Fischer*, No. 18-CV-6851 (W.D.N.Y. June 19, 2019) (same); *Edwards v. Fischer*, No. 19-2244 (2d Cir. Dec. 11, 2019) (appeal dismissed as frivolous). Because Plaintiff is barred under Section 1915(g), unless he is "under imminent danger of serious physical injury," he must pay the relevant fees to bring a federal civil action.

Plaintiff does not allege any facts suggesting that he was under imminent danger of serious physical injury at the time that he filed his complaint.[2] Instead, Plaintiff alleges that on May 11, 2021, while he was held in the VCBC, correction personnel sprayed a chemical agent on his bed linens and illegally searched and destroyed his personal property. He also alleges that he "had a continuous cough, running nose, and [was] spitting up phle[g]m for a few days" (ECF 2, at 5), and that he "had . . . [a] burning sensation in [his] chest and lungs . . . for a few days" (*id.* at 10). He further alleges that three days after the chemical agent was sprayed on his bed linens, on May 14, 2021, he received new bed linens. In addition, he alleges that a female correction officer leered at him while he was showering, and that correction personnel retaliated against him for filing grievances, which included issuing him a false disciplinary infraction. But Plaintiff did not submit his complaint to his facility's mail system for its delivery to the court until June 15, 2021, apparently after his physical injuries had dissipated.

---

[2] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

2

**NOTICE AND OPPORTUNITY TO BE HEARD**

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing why he is not barred under Section 1915(g) from bringing this action. Plaintiff must submit the declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and regard Plaintiff as barred from filing future federal civil actions IFP while he is a prisoner.[3]

**CONCLUSION**

The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he is not barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and regard Plaintiff as barred under Section 1915(g) from filing future federal civil actions IFP while he is a prisoner.

---

[3] Plaintiff is not barred from filing a federal civil action by prepaying the relevant fees, currently totaling $402 per civil action.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 26, 2021
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                       Chief United States District Judge