UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM L. EDWARDS,

                Plaintiff,

      -against-

DEP. JONES, et al.,

                Defendants.

1:21-CV-5477 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se* and seeks to proceed *in forma pauperis* ("IFP"). In a July 26, 2021 order, the Court: (1) noted that, while Plaintiff has been a prisoner, he has filed three federal civil actions or appeals that were dismissed as frivolous or for failure to state a claim on which relief may be granted, and (2) ordered Plaintiff to show cause by declaration, within 30 days, why he is not barred under the Prison Litigation Reform Act's "three-strikes" provision, 28 U.S.C. § 1915(g), from proceeding with this action IFP. After the Court granted Plaintiff an extension of time to comply with the Court's July 26, 2021 order, on October 13, 2021, the court received a declaration from him. (ECF 8.) In the declaration, Plaintiff contests two of the strikes that the Court cited in its July 26, 2021 order. The declaration does not, however, provide sufficient reason not to recognize Plaintiff as barred under Section 1915(g).

      Plaintiff asserts that because one of the actions that the Court recognized as a strike – *Edwards v. Fischer*, No. 18-CV-6851 (W.D.N.Y. June 19, 2019) – was dismissed as untimely, it is not a strike. (ECF 8, at 2.) The United States District Court for the Western District of New York dismissed that action, however, for failure to state a claim on which relief may be granted – a strike reason – *because* that action was untimely. *See Edwards*, No. 18-CV-6851, at 4-6, 7 (W.D.N.Y. June 19, 2019); *see generally Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018)

(quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)) (dismissal because of the statute of limitations is for failure to state a claim on which relief may be granted, and is therefore a strike under Section 1915(g)).

Plaintiff also asserts that his appeal of the dismissal of that action – *Edwards v. Fischer*, No. 19-2244 (2d Cir. Dec. 11, 2019) (the "first appeal") – "is not [his] case or appeal," and that because he has another appeal pending in the United States Court of Appeals for the Second Circuit – *Edwards v. Annucci*, No. 21-1301 (2d Cir.) – the first appeal, which was dismissed as frivolous, is not a strike. (ECF 8, at 2.) The Second Circuit's docket report, however, shows that in *Edwards*, 19-2244 (2d Cir.), Plaintiff appealed the June 19, 2019, dismissal of his action, *Edwards*, No. 18-CV-6851 (W.D.N.Y.), and the Second Circuit's December 11, 2019, order that dismissed that appeal is clear that the appeal was dismissed as frivolous – another strike under Section 1915(g).[1] *See Edwards*, No. 19-2244 (2d Cir. Dec. 11, 2019) (denying Plaintiff's motions to proceed IFP on appeal and for the appointment of counsel, and dismissing the appeal "because it 'lacks an arguable basis either in law or fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))); *see Akassy*, 887 F.3d at 96 ("The PLRA requires the imposition of a strike for any dismissal of a complaint or appeal that is found to be 'frivolous.' And as the Supreme Court in *Neitzke*, . . . analyzed the word 'frivolous,' . . . the very essence of frivolousness within the

---

[1] Plaintiff has included in filings in the present action his New York State Identification Number ("NYSID") – the permanent identification number assigned to him by the New York State Department of Corrections and Community Supervision ("DOCCS"). (*See* ECF 1, 7, 8.) According to DOCCS's publicly available records, Plaintiff's NYSID number corresponds with a temporary identification number ("DIN number") that DOCCS assigned to him. That DIN number appears in the docket report for *Edwards*, No. 19-2244 (2d Cir.), alongside Plaintiff's name. Thus, there is no question that *Edwards*, No. 19-2244 (2d Cir.), was filed by Plaintiff. *Cf. Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir. 2010) ("The district court may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.") (citations omitted).

meaning of § 1915 is the lack of an arguable basis in law or in fact." (quoting and citing Section 1915(g) and *Neitzke*, 490 U.S. at 327-28)); *see also Chavis v. Chappius*, 618 F.3d 162, 167-69 (2d Cir. 2010) (holding that if a prisoner's action is dismissed for a strike reason, and the prisoner's subsequent appeal of that dismissal is also dismissed for a strike reason, those dismissals count as two strikes under Section 1915(g)). Any other appeal that Plaintiff may have brought in the Second Circuit does not affect this Court's determination that the Second Circuit's December 11, 2019 dismissal of *Edwards*, No. 19-2244 (2d Cir.), is a strike.

## CONCLUSION

The Court finds that Plaintiff, while he has been a prisoner, has filed three federal civil actions or appeals that are deemed strikes because they were dismissed as frivolous or for failure to state a claim on which relief may be granted. Because Plaintiff has failed to show cause why he is not subject to the PLRA's "three-strikes" filing bar, the Court recognizes Plaintiff as barred, under 28 U.S.C. § 1915(g), from filing federal civil actions IFP while he is a prisoner unless he is under imminent danger of serious physical injury. The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

Accordingly, the Court denies Plaintiff's IFP application and dismisses this action without prejudice under the PLRA's three-strikes filing bar.[2] *See* 28 U.S.C. § 1915(g).

---

[2] Plaintiff may commence a new federal civil action by paying the fees to bring such an action. Those fees currently total $402 per federal civil action. If Plaintiff does so, his complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights action filed by a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  October 26, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge